**Rafael SANTANA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 436, Docket 72-2075.**

United States Court of Appeals, Second Circuit.

Argued Feb. 14, 1973.

Decided April 20, 1973.

Joseph I. Stone, New York City, for appellant.

Nicholas Figueroa, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., John W. Nields, Jr., Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, Chief Judge, OAKES, Circuit Judge, and DAVIS, Judge.*

OAKES, Circuit Judge:

This appeal raises the question whether a judgment on a plea of guilty may be set aside where the use at trial of the evidentiary presumptions in the statute is subsequently invalidated. The plea

* Of the United States Court of Claims, sitting by designation.

here was to an indictment charging receipt of illegally imported cocaine, 21 U.S.C. § 174. The statutory presumptions in effect at the time of appellant's plea in 1957 were that importation of the cocaine and knowledge of that importation could be inferred from possession. These presumptions were invalidated in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), which held that possession at least of less than one gram of cocaine (14.68 grams of a cocaine-sugar mixture of which 5 per cent was cocaine) did not warrant the statutory presumptions, since considerable cocaine (as opposed to heroin) is manufactured in the United States, 396 U.S. at 418–419, 90 S.Ct. 642, and n. 39. While appellant has long since served his five-year mandatory sentence on this charge, he seeks to set aside his conviction by writ of habeas corpus, 28 U.S.C. § 2255, denied below, because he has subsequently been charged with other drug offenses—indeed, was sentenced to a term of 15 years on February 17, 1966, in a second offender status.

Because appellant's original charge related to possession of only one-half ounce of cocaine or 14.75 grams, he contends that he fell within the *Turner* case's protection from the presumptions. Our own United States v. Gonzalez, 442 F.2d 698, 709 (2d Cir.) (en banc), cert. denied sub nom., Ovalle v. United States, 404 U.S. 845, 92 S.Ct. 146, 30 L.Ed.2d 81 (1971), refers to small amounts as "of the order of 10 grams." For purposes hereof we will assume that appellant's case is identical to Turner's in amount and time. We also recognize that we held in United States v. Liguori, 438 F.2d 663 (2d Cir. 1971) (*Liguori II*), that *Turner* is retroactive, and that failure to object to the use of the presumptions during trial would not have affected a waiver of the *Turner* issue.

But here, unlike *Liguori II*, appellant did not go to trial, he pleaded guilty, and the *Liguori II* court specifically declined to express any opinion on the validity of convictions without trial. 438 F.2d at 670. Appellant argues, however, that

since his plea was based upon his (or presumably his attorney's) knowledge that the now invalidated presumptions could be used against him at trial, he should now be allowed to withdraw that plea.

McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), require us to reject appellant's claim. In *McMann* the defendant's claim that his guilty plea was induced by a coerced confession—inadmissible under later decisions—was rejected, the Court saying that he was "convicted on his counseled admission in open court that he committed the crime charged against him" and that the fact that his lawyer might have advised him otherwise had "no bearing on the accuracy of the defendant's admission that he committed the crime." 397 U.S. at 773, 90 S.Ct. at 1450. So, too, in *Brady* the Court rejected the defendant's claim that his guilty plea to a kidnaping charge was induced by a statutory provision—later invalidated—permitting imposition of the death penalty only upon a recommendation of a jury, the Court saying, in even broader language, that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." 397 U.S. at 757, 90 S.Ct. at 1473.

The Court in *McMann* and *Brady*, while recognizing that subsequent judicial actions might have changed the thinking that resulted in the guilty pleas there involved, nonetheless refused to find the pleas invalid for a combination of reasons. First, the plea was made in open court on advice of competent counsel and the defendant fully recognized that he would sustain severe punishment because of his plea. Nothing in the record of those cases indicated that the pleas were either inaccurate or unreliable indicia of guilt. *Brady*, 397 U.S. at 758, 90 S.Ct. 1463. Second, the Court felt that ordering a new trial years after the original sentencing would make it very

difficult for both the accused and the State to marshal the relevant evidence. Third, the State would be faced with reopening a very large number of cases in which guilty pleas had been entered. United States v. Liguori, 430 F.2d 842, 848–849 (2d Cir. 1970), cert. denied, 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971) (*Liguori I*). The case now before us presents these same three difficulties. (1) Here the defendant voluntarily pleaded guilty on advice of counsel. Although he may have been influenced by the greater likelihood of conviction stemming from the statutory presumptions of importation and knowledge in the later invalidated 21 U.S.C. § 174, that increased likelihood of conviction is exactly parallel to the increased likelihood of conviction stemming from the admission of the coerced confession in *McMann*. (2) It would be for all practical purposes impossible to have a retrial that was other than a sham when the alleged offense took place 15 years ago. (3) It would place an extraordinary burden on the Government to have to retry the substantial number of pre-*Turner* 21 U.S.C. § 174 convictions based on guilty pleas which would likely result from a reversal in this case.

Nor does the decision in *Liguori I, supra,* avail appellant. There the defendant had pleaded guilty to a violation of the marijuana transfer tax act, to the prosecution of which, as was later held by Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), a timely assertion of the privilege against self-incrimination was a complete defense. *Liguori I* held that a plea of guilty was not a waiver of the privilege and accordingly reversed the conviction, distinguishing *McMann, Brady* and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), on the three bases discussed above. A still more important distinction is that in *Liguori I,* as the court there pointed out, it was not a question whether the unconstitutional statute had tended to influence the defendant to plead guilty, but rather whether the statute took away the privilege against self-incrimination by imposing a statutory scheme the purpose of which was to punish for failing to incriminate oneself. 430 F.2d at 849. Thus, in *Liguori I,* unlike this case and the *McMann, Brady* and *Parker* trilogy, the punishment would have been unjustified even if the procedures leading to the conviction were correct. 430 F.2d at 849.

This case fits squarely within *McMann, Brady* and *Parker.*

Judgment affirmed.